IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PROGRESSIVE INTERNATIONAL, CORP., a Washington corporation, | )<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION NO.<br>) |
| v. | )<br>) **DEMAND FOR JURY TRIAL** |
| SUNBEAM PRODUCTS, INC., d/b/a JARDEN CONSUMER PRODUCTS, a Delaware corporation, | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

**COMPLAINT FOR PATENT AND TRADE DRESS INFRINGEMENT**

Plaintiff Progressive International Corp. ("Progressive") for its Complaint against Defendant Sunbeam Products, Inc. d/b/a Jarden Consumer Solutions, Inc. ("Sunbeam") alleges as follows:

**THE PARTIES**

1. Plaintiff Progressive International Corp. is a Washington State corporation having a place of business at 6111 S. 228th Street, Kent, Washington, 98032. Progressive designs, manufactures, and markets innovative kitchen accessories and cookware for consumer use.

2. Upon information and belief, Defendant Sunbeam is a corporation organized and existing under the laws of the State of Delaware and has a place of business at 2381 Executive Center Drive, Boca Raton, Florida, 33431. Sunbeam engages in the business of manufacturing, promoting, and selling household goods.

**JURISDICTION AND VENUE**

3. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.* and Section 43 of the Lanham Act, 15 U.S.C. § 1125.

4. The Court has original jurisdiction over the claims pursuant to 28 U.S.C. §§ 1331, 1338(a), (b), and 1367(a).

5. The Court has personal jurisdiction over the parties and venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c), and/or 1400(a) and (b).

## PLAINTIFF AND ITS RIGHTS

6. On August 4, 1992, the United States Patent and Trademark Office ("PTO") duly and lawfully issued United States Patent No. D450,171 ("the '171 Patent"), entitled *Snow Cone Holder With Integral Drinking Straw*. A true and correct copy of the '171 Patent is attached hereto as Exhibit 1. Progressive is the assignee and sole owner of the '171 Patent.

7. Progressive has sold, and continues to sell, kitchen and household-related goods and services, including snow cone holders covered by the '171 Patent.

## DEFENDANT AND ITS INFRINGING ACTIVITIES

8. Sunbeam manufactures, markets, and sells kitchen and cooking products throughout the United States.

9. Among those products, Sunbeam has sold, and may be currently selling, snow cone holders under the brand name "Rival."

## FIRST CLAIM
## DESIGN PATENT INFRINGEMENT

10. Progressive repeats and realleges each of the allegations contained in Paragraph Nos. 1 through 10 of this Complaint, as though set forth fully herein.

11. On information and belief, Sunbeam is and has been infringing the '171 Patent by manufacturing, using, selling, importing, and/or offering for sale snow cone holders in the United States.

12. Sunbeam's supplier, Max Base Industrial Ltd., has informed Progressive that at least 155,364 sets of infringing snow cone holders were supplied to Sunbeam for distribution and sales in the United States.

13. Sunbeam has actual and constructive notice of Progressive's rights in the '171 Patent.

14. By infringing the '171 patent, Sunbeam has unfairly reaped a substantial commercial advantage and enjoyed substantial savings in design and development time and cost, all to Progressive's detriment.

15. Sunbeam's activities with respect to its snow cone holders constitute willful infringement of the '171 patent.

16. Progressive has been and will continue to be damaged by Sunbeam's actions in an amount to be proven at trial, in a manner and amount that cannot be fully measured or compensated in economic terms, and for which there is no adequate remedy at law.  Such irreparable damage will continue unless the acts of Sunbeam complained of herein are enjoined.

## SECOND CLAIM
## FALSE DESIGNATION OF ORIGIN
## 15 U.S.C. § 1125(a)

17. Progressive repeats all allegations contained in paragraphs 1 through 16 of this Complaint as if fully set forth herein.

18. Sunbeam's unauthorized use of Progressive's trade dress in connection with snow cone holders constitutes a false designation of origin, false or misleading description, and/or false or misleading representation.  Such unauthorized use causes, and is likely to cause, confusion, mistake, or deception of others as to the affiliation, connection, or association of Sunbeam with Progressive, and also causes, and is likely to cause, confusion, mistake, or deception as to the origin, sponsorship, or approval of the commercial activities and goods of Sunbeam with those of Progressive.

19. Such false designation, description, and/or representation constitutes unfair competition and is an infringement of Progressive's rights in its trade dress in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

20. Sunbeam knew, or should have known, of Progressive's rights, and Sunbeam's false description, false representation, and false designation of origin are knowing, willful, and deliberate, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

21. Progressive has been, and will continue to be, damaged by such false description,

false representation, and false designation of origin in a manner and amount that cannot be fully measured or compensated in economic terms. Sunbeam's actions have damaged, and will continue to damage, Progressive's market, reputation, and goodwill, and may discourage current and potential customers from dealing with Progressive. Such irreparable harm will continue unless Sunbeam's acts are restrained and/or enjoined.

## **PRAYER FOR RELIEF**

WHEREFORE, Progressive respectfully demands judgment that:

1. Sunbeam, its affiliates, subsidiaries, agents, servants, employees, attorneys, and any and all persons in active concert, privity, or participation with Sunbeam be enjoined and restrained from: infringing any claim of Progressive's '171 Patent and using in any way Progressive's distinctive snow cone trade dress or any other trademark confusingly similar thereto.

2. Judgment be entered for Progressive against Sunbeam and that Sunbeam be directed to pay to Progressive damages for its willful patent infringement and trade dress violations, including but not limited to Progressive's lost profits on its products as well as Sunbeam's profits for the sale of its products marketed under the Progressive trade dress, but in no event less than a reasonable royalty.

3. The Court hold this case to be exceptional in that Sunbeam's violation of Progressive's patent and trademark rights has been willfully committed by Sunbeam and that the damages be increased accordingly as provided by governing law and attorney's fees and costs be awarded pursuant to 35 U.S.C. § 285, 15 U.S.C. § 1117, or other applicable statutes.

4. The Court award pre-judgment interest to compensate Progressive for the damages it has sustained.

5. The Court award Progressive such other and further relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues so triable.

DATED: December 21, 2009
        Wilmington, Delaware        DORSEY & WHITNEY (DELAWARE) LLP

        By  /s/ Robert W. Mallard
           Eric Lopez Schnabel (DE Bar No. 3672)
           Robert W. Mallard (DE Bar No. 4279)
           300 Delaware Avenue, Suite 1010
           Wilmington, DE 19801
           Telephone: (302) 425-7171
           Facsimile: (302) 335-0830

        DORSEY & WHITNEY LLP
        Douglas Stewart
        U.S. Bank Building Center
        701 Fifth Avenue, Suite 6100
        Seattle, Washington  98104
        Telephone:  (206) 903-8800
        Facsimile:  (206) 299-3838

        Attorneys for Plaintiff Progressive International